UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIAN ANTWAN WATTS,

v.  Case No. 8:04-cr-314-T-24MAP
8:07-cv-665-T-24MAP

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Watts' "Motion for Reconsideration as Provided in Federal Rules of Civil Procedure, Rule 59(e)" (Doc. cv-12).

Procedural History

The Court denied Defendant Watts' second amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-7; cr-94, cv-10). The Court declined to issue a certificate of appealability. (Doc. cv-10). Watts then filed the present motion before the Court.

A Rule 59(e) motion to alter or amend is an extraordinary request seeking a drastic remedy; once issues have been carefully considered and determined, the power to reconsider "must of necessity be used sparingly." Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority, 914 F. Supp. 1072 (M.D. Fla. 1993); see Booker v. Singletary, 90 F.3d 440 (11th Cir. 1996).  The relief sought should only be granted where

there has been a change in the legal or factual underpinnings for the decision. Case law is clear in establishing that such a motion "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

These conditions for reconsideration have not been satisfied in this case. Rather than offering new facts or law which could not have been presented earlier, Defendant has merely rehashed his prior arguments, expressing disagreement with this Court's conclusions and suggesting that this Court overlooked or misapprehended his claims. Such relitigation is not appropriate in a postjudgment motion. <u>Forsythe v. Saudi Arabian Airlines Corp.</u>, 885 F.2d 285, 289 (5th Cir. 1989).

Accordingly, the Court orders:

That Defendant Watts' "Motion for Reconsideration as Provided in Federal Rules of Civil Procedure, Rule 59(e)" (Doc. cv-12) is denied.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 16, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

AUSA: Eduardo E. Toro-Font
Darian Antwan Watts